[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2010
JOHN LEY
CLERK

No. 09-16272
Non-Argument Calendar
_____

D. C. Docket No. 08-00081-CV-4-SPM-WCS

GREGORY H. SCHLICHER,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

KEITH MURPHY, Captain,
VALENTINE, Captain, Taylor Correctional
Institution,
TERRY CRUCE, Lieutenant, Taylor Correctional
Institution,
CLARK, Officer, Taylor Correctional
Institution,
KOCH, Officer, Taylor Correctional
Institution, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 8, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gregory H. Schlicher, a Florida state prisoner proceeding *pro se*, appeals the

district court's dismissal of his civil rights action, 42 U.S.C. § 1983 for failure to

exhaust administrative remedies under 42 U.S.C. §1997e(a).

Schlicher filed a *pro se* fourth amended complaint against various prison

guards and the prison psychologist, alleging that he was denied access to his

written and legal materials and prison grievance forms, threatened for filing

grievances, denied psychological treatment, and subjected to harassment and

abuse. The district court dismissed the complaint because it concluded that

Schlicher had failed to exhaust his administrative remedies, as required under 42

U.S.C. § 1997e(a).

We review "*de novo* a district court's interpretation and application of

42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d

1152, 1155 (11th Cir. 2005). The Prison Litigation Reform Act provides that

"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To "properly exhaust" administrative remedies, a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In Florida, the applicable procedure requires the state prisoner to (1) file an informal grievance with a designated prison staff member, (2) "file a formal grievance with the warden's office," and (3) "submit an appeal to the Secretary of the [F]DOC." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing Fla. Admin. Code Ann. §§ 33-103.005 to -103.007).

When a prisoner alleges that he did not have timely access to the required grievance forms, he still fails to exhaust his administrative remedies if he does not request consideration of an untimely grievance. *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008). But when "a prison official's serious threats of substantial retaliation against an inmate for lodging in good faith a grievance make the administrative remedy 'unavailable,' . . . the exhaustion requirement as to the lodging a grievance or pursuing a particular part of the process" is lifted. *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). A remedy is deemed

3

"unavailable" when "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." *Id.*

Schlicher argues on appeal that the efforts he made, including filing informal grievances regarding his access to grievance forms, writing letters to the Secretary of the FDOC, a federal judge, and the inspector general, and making verbal complaints to various prison officials, were sufficient to exhaust his administrative remedies. He also contends that, by preventing him from obtaining grievance forms and threatening him, defendant prison officials rendered the grievance process "unavailable" to him.

The record reflects that Schlicher filed several grievances between July 2007 and January 2008. These grievances were either filed at the wrong level or not appealed after they were denied. Therefore, after a thorough review of the record, we affirm for the reasons given in the magistrate judge's report dated October 15, 2009.

**AFFIRMED.**